**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua S. Barkley, | No. CV-19-01595-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Labor, et al., | |
| Defendants. | |

Pending before the Court are two motions filed by Plaintiff Joshua Barkley ("Plaintiff"), one seeking sanctions against Defendant International Association of EMTs and Paramedics IAEP/NAGE/SEIU 5000 ("IAEP") (Doc. 39) and the other seeking sanctions against Defendant Independent Certified Emergency Professionals of Arizona ("ICEP") (Doc. 40.)

Plaintiff, who is proceeding *pro se*, filed this lawsuit on March 8, 2019 (Doc. 1) and then filed an amended complaint on April 23, 2019 (Doc. 21). Although Plaintiff didn't comply with the Local Rules when filing the amended complaint, the Court declined to strike it—instead, Plaintiff was simply required to file a redlined version showing how it differed from the original complaint. (Doc. 35.) Plaintiff has since filed a redlined version (Doc. 37), but Defendants raised additional concerns during the scheduling conference on May 20, 2019. (Doc. 38.) The Court has thus ordered the parties to meet and confer in an attempt to address those concerns. (Doc. 38.)

On the merits, it appears that Plaintiff brings this lawsuit to challenge the results of

a union election. Specifically, Plaintiff was once the president of ICEP. (Doc. 30 at 11-15.) In 2014, the U.S. Department of Labor ("DOL") filed a lawsuit against ICEP for violating a federal statute that requires unions to hold periodic officer elections. (*Id.*) The judge overseeing that case (Judge Wake) ordered ICEP to hold such an election and also ordered the DOL to supervise the election. (*Id.*) In that election, which concluded in 2015, another candidate prevailed over Plaintiff, but Plaintiff disputes this outcome and contends that various irregularities occurred. (*Id.*)

Notably, this lawsuit is not Plaintiff's first attempt to assert legal challenges related to the ICEP election. First, during the DOL lawsuit in 2014 before Judge Wake, Plaintiff attempted to intervene, but this request was denied and his pleadings were stricken. (Case No. 14-cv-1723-NVW, Docs. 28, 34, 43.)

Second, in 2015, Plaintiff sued ICEP in the Maricopa County Superior Court to obtain reimbursement "for financial losses he sustained in financing and representing ICEP during his time as union president." *Barkley v. Independent Certified Emergency Professions of Arizona, Local #1*, 2018 WL 6802107, *1 (Ariz. Ct. App. 2018). Among other things, Plaintiff argued during that lawsuit that "ICEP's elected officers were not certified and thus lacked authority to operate the union or to retain counsel to represent the union." *Id.* at *2. The trial court granted summary judgment in favor of ICEP and the Arizona Court of Appeals affirmed, holding that the docket from Judge Wake's case did not support Plaintiff's position. *Id.* at *3 ("[Barkley] did not file a separate statement of facts or attach affidavits, other than his own, to support his motion; instead, he focused on the result of the federal district court-ordered election. The superior court did not err in denying [Barkley's] motion.").

Third, in 2016, Plaintiff filed a *pro se* lawsuit against the DOL and ICEP to challenge the denial of a series of FOIA requests he'd submitted between July 2014 and April 2016 for documents pertaining to the ICEP election. (Case No. 16-cv-2777-DMF.) That lawsuit was rejected in June 2017, and the Court specifically found in its summary judgment order that the election results had been properly certified:

> Plaintiff [objects to the DOL's claim that] "[o]n March 5, 2015, ICEP held elections, and the DOL subsequently certified the results of the election . . . ." Plaintiff maintains that this statement is "false," and asserts that "[t]he DOL (Defendant) lacks the authority to self-certify an election in the courts[,]" and seeks to "mislead this court to say the election was certified when it was not." ***In the* Perez *case, the Court ordered DOL "to issue a determination certifying to the Court the election results." After the election, Defendants complied with this order. Plaintiff provides no evidentiary basis for his argument that the election was not certified*** . . . .

(*Id.*, Doc. 39 at 9, emphasis added.)

Notwithstanding all of this, Plaintiff filed a motion at the outset of this case to disqualify the attorneys representing ICEP. (Doc. 29.) This motion was based on the same premise that had been rejected in his earlier lawsuits—*i.e.,* the 2015 election results were never properly certified, so everything ICEP has done since 2015 is null and void. (*Id.* at 1 ["This is a sequential case to Arizona US District Court case # CV-2014-01723-NVW to which a court decree was never issued to terminate the case after a Court Ordered Union Officer Election. That order would have certified the Defendant ICEP of AZ's Officers as the duly elected officials of that union. Without that court order, they operate without the authority of the US District Courts . . . . Therefore, Plaintiff remains the President of the ICEP of Arizona and Defendant Counsel was not retained by an officer of the Defendant entity."].) In an order dated May 15, 2019, the Court denied the disqualification motion, holding that "[t]he whole point of Plaintiff's lawsuit is to challenge the validity of the 2015 election. His motion, however, asks the Court to presume that his challenge will prevail. This is an improper basis for seeking the disqualification of opposing counsel at the outset of a case." (Doc. 36 at 2.)

Undeterred, Plaintiff has now filed a pair of sanction motions. (Doc. 39, 40.) He contends that ICEP and the other union defendant (IAEP) should be sanctioned under Rule 37 for failing to produce, as part of the MIDP disclosure process, "the mandated court order (certification of election) from case CV-14-01723-NVW" that "authorizes their appearance in this case." (Doc. 40 at 2; *see also* Doc. 39 at 2.) As a remedy for this alleged violation, he asks (among other things) for the Court to find ICEP and IAEP and the officers of both

unions "in contempt of court for violating a US District Court Order and to protect the constitutional rights of the Plaintiff." (*Id.* at 3.)

Plaintiff's motions are frivolous and will be denied. As noted, several courts have already rejected Plaintiff's contention that the results of the 2015 ICEP election weren't properly certified. Moreover, the docket from the 2014 case before Judge Wake contains a document entitled "Notice of Certification of Election," which includes a signed document from a DOL official certifying the election results. (Case No. 14-cv-1723-NVW, Doc. 41.) Although Plaintiff may disagree with those rulings and may believe the DOL's certification document is inadequate, this doesn't mean that Defendants somehow violated Rule 37 by failing to produce the particular type of certification document that Plaintiff believes should have been issued.

Plaintiff is hereby warned that, although he is acting *pro se*, he is still subject to sanctions under Rule 11 for making frivolous arguments. *Warren v. Guelker*, 29 F.3d 1386, 1389-90 (9th Cir. 1994) ("[A court] cannot . . . decline to impose any sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*. A contrary conclusion would effectively place all unrepresented parties beyond the reach of Rule 11.").

Accordingly, **IT IS ORDERED** that Plaintiff's motions for sanctions (Doc. 39, 40) are **denied**.

Dated this 22nd day of May, 2019.

_____
Dominic W. Lanza
United States District Judge