**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua S. Barkley,<br><br>    Plaintiff,<br><br>v.<br><br>United States Department of Labor, et al.,<br><br>    Defendants. | No. CV-19-01595-PHX-DWL<br><br>**ORDER** |

Pending before the Court are (1) the Department of Labor's ("DOL") request to strike Plaintiff's redlined amended complaint at Doc. 37-1 (Doc. 46), in which the other Defendants join (Doc. 46 ¶ 12), (2) the DOL's motion to dismiss the amended complaint at Doc. 21 ("FAC") for lack of subject matter jurisdiction and failure to state a claim (Doc. 33), (3) Plaintiff's motion for a declaratory judgment (Doc. 49), (4) Plaintiff's motions for entry of default against the Independent Certified Emergency Professionals of Arizona ("ICEP") and International Association of EMTs and Paramedics IAEP/NAGE/SEIU 5000 ("IAEP") (Doc. 51) and the National Labor Relations Board ("NLRB") (Doc. 52), (5) Plaintiff's motion to strike as untimely the DOL's reply in support of its motion to dismiss (Doc. 53), and (6) motions to dismiss the FAC for lack of subject matter jurisdiction and failure to state a claim filed by the NLRB (Doc. 54), ICEP (Doc. 55), and IAEP (Doc. 56). For the reasons that follow, the DOL's request (Doc. 46) will be granted in part and denied in part, Plaintiff's redlined amended complaint (Doc. 37-1) will be stricken, Plaintiff's motion for a declaratory judgment (Doc. 49), motions seeking entry of default (Docs. 51,

52), and motion to strike (Doc. 53) will be denied, and the various motions to dismiss the FAC (Docs. 33, 54, 55, and 56) will ruled on in due course.

**BACKGROUND**

On March 8, 2019, Plaintiff initiated this action by filing a complaint. (Doc. 1.)

On April 8, 2019, Defendants ICEP and IAEP ("the Union Defendants") filed answers to the complaint. (Docs. 10, 11.)

On April 23, 2019, Plaintiff filed his FAC (Doc. 21) pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, which provides that "a party may amend its pleading once as a matter of course within . . . 21 days after a responsive pleading is filed." The Union Defendants' answers triggered a May 6, 2019 deadline for Plaintiff to file an amended complaint as a matter of course. Thus, Plaintiff's April 23, 2019 FAC was filed about two weeks before this deadline.

On May 3, 2019, the Union Defendants moved to strike the FAC (Docs. 22, 23) on the ground that Plaintiff didn't comply with the procedural requirements of Local Rule 15.1(b), which provides that "[i]f a party files an amended pleading as a matter of course . . . , the amending party must file a separate notice of filing of the amended pleading. The notice must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added."

On May 13, 2019, the DOL filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim. (Doc. 33.)

On May 14, 2019, the Court ordered Plaintiff "to file the Notice and redlined draft of the amended complaint as required by LRCiv 15.1(b)" by May 20, 2019. (Doc. 35 at 2.) The Court noted that "if Plaintiff files the separate notice and redlined draft required by LRCiv 15.1(b), there is no need to strike the amended complaint at Doc. 21." (*Id.*)

On May 19, 2019, Plaintiff filed a document entitled "Notice of First Amended Complaint" (Doc. 37), which included, as an attachment, an 86-page redlined amended complaint. (Doc. 37-1.)

On May 20, 2019, the Court held the Rule 16 scheduling conference. (Doc. 38.) During this conference, all of the Defendants voiced concerns that the redlined amended complaint at Doc. 37-1 was deficient because it reflected new changes that weren't reflected in the FAC at Doc. 21. Based on this and other concerns, the Court declined to issue a scheduling order. Instead, the Court ordered the parties to meet and confer to address the alleged deficiency of the redlined version of the amended complaint. The Court clarified that the redlined draft the Court had ordered was intended to track the changes between the original complaint at Doc. 1 and the FAC at Doc. 21—and that additional changes in the redlined draft at Doc. 37-1 that had not been made in the FAC at Doc. 21 "wouldn't be authorized."

On May 28, 2019, Plaintiff filed a document entitled "Plaintiffs [sic] Report on meet and confer." (Doc. 44.) In this document, Plaintiff argued that he interpreted the Court's May 20 order as requiring him to meet and confer with only the Union Defendants (who had moved to strike the FAC, and whose response to the complaint triggered the deadline for filing the FAC as a matter of course), that the two other Defendants (the DOL and the NLRB) had attempted to dominate the meet-and-confer process, and that the Court should therefore impose sanctions. (*Id.*)

On May 29, 2019, the DOL filed a response to Plaintiff's report. (Doc. 46.) Enclosed as an attachment to the response was documentation showing that, on May 22, 2019, counsel for the DOL sent an email to Plaintiff identifying 17 different ways in which "the redline version [was] re-ordered or re-organized from your original amended complaint." (Doc. 46-1 at 5-6.) On each of these points, the DOL asked Plaintiff to indicate which of the two ways Plaintiff "would prefer," to clarify "which version" Plaintiff was "intending to proceed with," or whether a deletion, addition, or change in the redlined complaint at Doc. 37-1 from the amended complaint filed at Doc. 21 was "correct." (*Id.*) The email concluded by asking Plaintiff to let the DOL know whether Plaintiff wanted "to file a second amended complaint that addresses these items" and stating that if he did, he should send "a draft version of the second amended complaint along with a redline for

review so that the parties can confer on whether to stipulate to its filing." (*Id.* at 7.) Also included as attachments to the DOL's response were a May 23, 2019 email from Plaintiff, asking under what rule Defendants DOL and NLRB were objecting to his amended complaint (*id.* at 5), a May 23, 2019 email from the NLRB stating, "the court's minute order (Doc. 38) requires us to meet and confer to address the technical issues with your first amended complaint" (*id.* at 4), a May 29, 2019 email from the DOL explaining that "[t]he parties need to know what version you are seeking to proceed with; or if you are seeking to proceed with a different version, they need to know what that is" (*id.* at 2-3), and a May 29, 2019 email from Plaintiff reiterating his concern that the DOL and NLRB were not permitted under the rules of civil procedure to participate in discussions involving the amended complaint (*id.* at 2). The DOL's response concludes with the following request for relief: "Ultimately it appears that the Court[-]ordered meet and confer process regarding Plaintiff's amended complaint and the redline version has reached an impasse. The DOL requests the Court issue an order striking the redline version of the amended complaint (Doc. 37-1), and ordering Plaintiff [to] file a new redline that accurately reflects the changes between his original Complaint (Doc. 1) and the amended complaint (Doc. 21)." (Doc. 46 ¶ 11.)

On June 5, 2019, Plaintiff filed a reply contending that he maintains the right to have his amended complaint filed as a matter of course, rather than seeking consent or leave of court to file a second amended complaint. (Doc. 48 at 2.) Plaintiff attempted to "resolve all issues" by attaching yet another redlined complaint (Doc. 48-1).

On June 10, 2019, Plaintiff filed a "motion for declaratory judgment." (Doc. 49.) In it, he asks for the Court to "declare the union officer election 14-01723-NVW invalid and void as it does not conform to written law or the procedures contained therein." (*Id.* at 9.) He elaborates that the 2015 election was invalid because "[n]o order from that election certifies the Union Officer Election as mandated by the Labor Management Recording and Disclosure Act and the enforcement statute contained therein." (*Id.* at 5.)

On June 14, 2019, Plaintiff filed motions seeking entry of default against the Union

Defendants (Doc. 51) and the NLRB (Doc. 52), as well as a motion asking the Court to strike as untimely the DOL's reply in support of its motion to dismiss (Doc. 53).

Finally, on June 17, 2019, the NLRB, ICEP, and IAEP filed motions to dismiss the FAC. (Docs. 54, 55, 56.)

**ANALYSIS**

I. Status Of The FAC

Local Rule 15.1(b) requires a party to file "a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added." At the time Plaintiff filed his May 15, 2019 notice and redlined draft (Doc. 37), Plaintiff might not have understood that the Court's May 14, 2019 Order "to file the Notice and redlined draft of the amended complaint as required by LRCiv 15.1(b)" (Doc. 35 at 2) meant that his redlined draft could not make any additional changes not already made in the FAC at Doc. 21. Nevertheless, the Court clarified during the May 20, 2019 hearing that the redlined draft needed to track the changes between the original complaint and the FAC.

Plaintiff has now filed an additional redlined draft. (Doc. 48-2.) The Court will not undertake the tedious task of comparing three documents (the original complaint at Doc. 1, the FAC at Doc. 21, and the new redlined draft at Doc. 48-2) to determine whether Plaintiff has satisfied the requirement of LRCiv 15.1(b) by accurately depicting the changes between the original complaint and the FAC. The purpose of LRCiv 15.1(b)'s requirement of the redlined draft was to simplify matters, not complicate them. The Court hopes that the redlined draft at Doc. 48-2 does what it is supposed to do, but at any rate, the task of determining whether the new redlined draft is proper seems more arduous than helpful. All four Defendants in this action have already filed motions to dismiss the FAC, implicitly accepting it as the operative complaint, with or without the aid of a redlined draft demonstrating how it differs from the original. One of those motions is fully briefed. Pursuant to Rule 1 of the Federal Rules of Civil Procedure, which dictates that the rules should generally be interpreted in such a way as to "secure the just, speedy, and inexpensive

| | |
|---|---|
| 1 | determination" of the action, the Court will accept the FAC at Doc. 21 as the operative |
| 2 | complaint, despite the procedural improprieties attending its filing. |
| 3 | Thus, the FAC at Doc. 21 is the operative draft in this action, and it is the draft to |
| 4 | which the parties must cite henceforth when challenging or defending or otherwise |
| 5 | referring to the FAC. The Court will strike the redlined draft at Doc. 37-1. To the extent |
| 6 | the redlined draft at Doc. 48-2 is helpful, the parties may consult it (but they may not cite |
| 7 | it), and if there are any ways in which it differs from the FAC at Doc. 21, the draft at Doc. |
| 8 | 48-2 lacks any force. |
| 9 | The Court notes that if, in fact, the redlined draft at Doc. 48-2 does *not* accurately |
| 10 | track the changes between the original complaint and the FAC at Doc. 21, this would be a |
| 11 | failure on Plaintiff's part, perhaps indicative of bad faith. Nevertheless, at this point, the |
| 12 | Court will let it go, as the redlined draft requirement was never intended to delay and |
| 13 | hamper litigation, and the attempt to get a proper redlined draft on the docket has already |
| 14 | caused more trouble than it's worth. The Court will clarify, however, that the Defendants |
| 15 | in this action bent over backward to try to work with Plaintiff in the meet-and-confer |
| 16 | process, whereas Plaintiff was unreasonably stubborn and unhelpful. Plaintiff's insistence |
| 17 | that the DOL and NLRB had no right to participate in the meet-and-confer process was |
| 18 | meritless. Every Defendant in this action has a right to know definitively what the |
| 19 | operative complaint contains, and all Defendants are prejudiced by a situation in which |
| 20 | various drafts of an amended complaint are floating around. At any rate, now the confusion |
| 21 | has ended: the FAC at Doc. 21 is the operative complaint. |
| 22 | II.     The DOL's Motion To Dismiss And Plaintiff's Motion To Strike |
| 23 | The DOL filed its motion to dismiss on May 13, 2019. (Doc. 33.) Fifteen days |
| 24 | later, on May 28, 2019, following the Memorial Day holiday, Plaintiff filed a 25-page |
| 25 | response to the motion to dismiss. (Doc. 42.) Pursuant to LRCiv 7.2(e)(1), a response to |
| 26 | a motion may not exceed 17 pages. Thus, Plaintiff's response was 8 pages beyond the |
| 27 | limit. |
| 28 | On June 12, 2019, the DOL filed its reply in support of its motion to dismiss. (Doc. |

50.) Pursuant to LRCiv 7.2(d), a reply is due 7 days after a response is served. Thus, the reply was due on June 4, 2019, and it was filed 8 days late. Plaintiff has now moved to strike the reply for this reason. (Doc. 53.)

Such disregard for the Court's rules is regrettable. Plaintiff's response should have conformed to the page limit and the DOL's reply should have been timely filed. Nevertheless, the Court finds that the length of Plaintiff's response constitutes good cause to excuse the DOL's late filing. Plaintiff's motion to strike the DOL's reply in support of its motion to dismiss (Doc. 53) will therefore be denied.

The DOL's fully-briefed motion to dismiss will be ruled on in due course, in the order determined by the Court's management of its docket.

III. Plaintiff's Motion For Declaratory Relief

Plaintiff's request for declaratory relief will be denied. First, the motion is procedurally improper. Put simply, "there is no such thing as a motion for declaratory relief." *Centrifugal Acquisition Corp., Inc. v. Moon*, 2010 WL 152074, *1 (E.D. Wisc. 2010). As the Ninth Circuit has explained, "[a] request for declaratory relief is properly before the court when it is pleaded in a complaint for declaratory judgment. Requests for declaratory judgment are not properly before the court if raised . . . by motion." *Arizona v. City of Tucson*, 761 F.3d 1005, 1010 (9th Cir. 2014). *See also Kam-Ko Bio-Pharm Trading Co., Ltd.-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) ("[A] party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment. Insofar as plaintiffs seek a motion for a declaratory judgment, plaintiffs' motion is denied because such a motion is inconsistent with the Federal Rules.") (citation omitted). For this reason, courts have not hesitated to deny motions requesting declaratory relief. *See, e.g., OAIC Commercial Assets, LLC v. Stonegate Village, L.P.*, 2006 WL 2788644, *3 (D. Ariz. 2006) ("It thus appears that a request for declaratory relief may not be made by 'motion.'").

Second, putting aside this procedural infirmity, the motion appears to be based on the premise that the 2015 election was invalid because the election results were never

properly certified. Yet the Court already rejected this argument in its May 22, 2019 order denying Plaintiff's motion for sanctions. (Doc. 41.) Specifically, in that order, the Court stated:

> Plaintiff's motions are frivolous and will be denied. As noted, several courts have already rejected Plaintiff's contention that the results of the 2015 ICEP election weren't properly certified. Moreover, the docket from the 2014 case before Judge Wake contains a document entitled "Notice of Certification of Election," which includes a signed document from a DOL official certifying the election results. (Case No. 14-cv-1723-NVW, Doc. 41.)

(*Id.* at 4.)

Plaintiff is admonished that further motions premised on this rejected argument will be deemed frivolous and potentially sanctionable.

IV. <u>Plaintiff's Motions Seeking Entry Of Default</u>

On June 14, 2019, Plaintiff filed motions for entry of default against the Union Defendants (Doc. 51) and the NLRB (Doc. 52). The status of the operative complaint in this action is determined by this Order, such that Defendants' obligations as to the FAC, to the extent that they have not already been met, shall run from the date of this Order. As such, Plaintiff's motions for entry of default will be denied.

Accordingly,

**IT IS ORDERED** that:

(1) The DOL's request to strike Plaintiff's redlined amended complaint at Doc. 37-1 and require Plaintiff to file a new redlined complaint (Doc. 46), is **granted in part and denied in part**;

(2) The redlined amended complaint at Doc. 37-1 is **stricken**;

(3) The FAC (Doc. 21) is determined to be the operative complaint in this case;

(4) Plaintiff's motion for a declaratory judgment (Doc. 49) is **denied**;

(5) Plaintiff's motions for entry of default (Docs. 51, 52) are **denied**; and

(6) Plaintiff's motion to strike (Doc. 53) is **denied**.

Dated this 19th day of June, 2019.

_____
Dominic W. Lanza
United States District Judge