WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Joshua S. Barkley,

    Plaintiff,

v.

United States Department of Labor, et al.,

    Defendants.

No. CV-19-01595-PHX-DWL

**ORDER**

## INTRODUCTION

Plaintiff Joshua S. Barkley is the former president of a labor union called the Independent Certified Emergency Professionals of Arizona ("ICEP"). In 2014, the United States Department of Labor ("DOL") filed a lawsuit in federal court seeking an order compelling ICEP to hold an officer election. The court granted this request. During the ensuing election, held in March 2015, another candidate was chosen to replace Barkley as president. Since then, Barkley has filed a series of *pro se* lawsuits concerning the election and its aftermath, all of which have been rejected. This is the latest such lawsuit. Now pending before the Court are motions to dismiss filed by (1) the DOL (Doc. 33), (2) the National Labor Relations Board ("NLRB") (Doc. 54), (3) ICEP (Doc. 55), and (4) the International Association of EMTs and Paramedics ("IAEP") (Doc. 56). The motions are fully briefed and nobody has requested oral argument. For the following reasons, the motions to dismiss will be granted and this action will be terminated.

…

# BACKGROUND

A. The Earlier Lawsuits

1. ***Perez v. ICEP***

On July 31, 2014, the DOL filed a lawsuit against ICEP for violating a federal statute that requires unions to hold periodic elections for officers. The case was entitled *Perez v. Local 1, Independent Certified Emergency Professionals* and was assigned case number 14-cv-1723-NVW.

On August 25, 2014, Plaintiff—who was not a party in the *Perez v. ICEP* action—purported to file a *pro se* answer, counterclaim, and third-party complaint. (Case No. 14-cv-1723-NVW, Docs. 11-13.)

On September 11, 2014, the DOL filed a motion to strike Plaintiff's pleadings. (Case No. 14-cv-1723-NVW, Doc. 21.)

On September 22, 2014, Judge Wake issued an order granting the motion to strike. (Case No. 14-cv-1723-NVW, Doc. 22.)

Later that day, Plaintiff filed a "motion to intervene." (Case No. 14-cv-1723-NVW, Doc. 23.) In this motion, Plaintiff argued that he founded ICEP in July 2006 but "[t]he Company withdrew all recognition from the ICEP in 2009 and sued [Plaintiff] and the Union over statements made concerning union activities." (*Id.* at 3.)

On September 23, 2014, Judge Wake issued an order denying Plaintiff's motion to intervene. (Case No. 14-cv-1723-NVW, Doc. 28.)

On October 15, 2014, Plaintiff again purported to file an answer, counter-claim, and cross-claim. (Case No. 14-cv-1723-NVW, Doc. 30.)

On October 23, 2014, Judge Wake issued an order striking Plaintiff's pleadings. (Case No. 14-cv-1723-NVW, Doc. 34.)

On December 3, 2014, Judge Wake issued an order requiring ICEP to "conduct an election for the offices of President, Vice-President/Business Manager, Secretary-Treasurer, and three Trustees" and requiring the DOL to supervise this election. (Case No. 14-cv-1723-NVW, Doc. 40.) This order further specified that the election was to be held

on March 5, 2015; that any election protest was due to the DOL by March 16, 2015; and that "[o]n April 16, 2015, [the Office of Labor-Management Standards of the DOL] shall issue a determination certifying to the Court the election results." (*Id.* at 4.)

On April 16, 2015, the DOL issued a notice in which it "respectfully certifie[d] the results of the election held March 5, 2015." (Case No. 14-cv-1723-NVW, Doc. 41.) Enclosed with the notice was a document entitled "Certification of Election," signed by a DOL official, which certified that, among other things, Greg Empey had been "duly elected to the office[]" of President of ICEP. (Case No. 14-cv-1723-NVW, Doc. 41-1.)

On December 7, 2015, Plaintiff filed a "motion for expedited clarification" in which he argued that the Court had never entered a "decree or order" as required by Rule 58 and that "[t]his decree is required for any labor organization to continue operations under the existing administration or by a new administration installed by the courts." (Case No. 14-cv-1723-NVW, Doc. 42.)

On December 8, 2015, Judge Wake issued an order striking Plaintiff's motion because (1) "[a]s a non-party, [Plaintiff] may not file anything," and (2) "[s]ince the case was closed more than a year ago, nothing could be filed in any event." (Case No. 14-cv-1723-NVW, Doc. 43.)

2. ***Barkley v. ICEP***

In 2015, Plaintiff sued ICEP in the Maricopa County Superior Court. *Barkley v. Independent Certified Emergency Professions of Arizona, Local #1*, 2018 WL 6802107, *1 (Ariz. Ct. App. 2018). Among other things, Plaintiff argued that he was "the founder of ICEP, a labor union representing employees of Professional Medical Transport, Inc.," that he "served as ICEP President from 2006 through 2015," and that he "was not elected as an officer" during the court-ordered election in March 2015. *Id.* at *1. Plaintiff further argued that the officers who purportedly prevailed in that election "were not certified and thus lacked authority to operate the union or to retain counsel to represent the union." *Id.* at *2. As damages, Plaintiff sought reimbursement "for financial losses he sustained in financing and representing ICEP during his time as union president." *Id.* at *1.

| | |
|---|---|
|1| The trial court granted summary judgment in favor of ICEP and the Arizona Court |
|2| of Appeals affirmed, holding that the docket from the *Perez v. ICEP* case did not support |
|3| Plaintiff's position. *Id.* at *3 ("[Barkley] did not file a separate statement of facts or attach |
|4| affidavits, other than his own, to support his motion; instead, he focused on the result of |
|5| the federal district court-ordered election. The superior court did not err in denying |
|6| [Barkley's] motion."). |

    3.  ***Barkley v. DOL***

  In August 2016, Plaintiff filed a *pro se* lawsuit against the DOL and ICEP. The case was entitled *Barkley v. United States Department of Labor, Office of Labor Management Standards et al.* and was assigned case number 16-cv-2777-DMF.

  On November 8, 2016, Judge Fine issued an order granting ICEP's motion to dismiss. (Case No. 16-cv-2777-DMF, Doc. 21.) This order stated that Plaintiff's lawsuit against ICEP was, in essence, an attempt to overturn the rulings issued by Judge Wake in *Perez v. ICEP* and to overturn the results of the 2015 officer election, but "this Court lacks jurisdiction to modify, charge or overturn a judgment entered by another U.S. District Court as Plaintiff essentially requests this Court to do . . . . For this reason, Plaintiff's Complaint against [ICEP] cannot go forward." (*Id.* at 3-4.)

  On June 12, 2017, Judge Fine issued an order granting the DOL's motion for summary judgment. (Case No. 16-cv-2777-DMF, Doc. 39.) In this order, Judge Fine specifically noted that "[i]n the *Perez* case, the Court ordered DOL 'to issue a determination certifying to the Court the election results.' After the election, Defendants complied with this order. Plaintiff provides no evidentiary basis for his argument that the election was not certified." (*Id.* at 9.)

B. <u>This Lawsuit</u>

  On March 8, 2019, Plaintiff initiated this action by filing a complaint. (Doc. 1.)

  On April 23, 2019, Plaintiff filed a first amended complaint ("FAC"). (Doc. 21.)

  On May 3, 2019, ICEP and IAEP moved to strike the FAC because Plaintiff didn't comply with the procedural requirements of Local Rule 15.1(b). (Docs. 22, 23.)

- 4 -

On May 13, 2019, the DOL filed a motion to dismiss the FAC. (Doc. 33.)

On May 14, 2019, the Court ordered Plaintiff "to file the Notice and redlined draft of the amended complaint as required by LRCiv 15.1(b)." (Doc. 35.)

On May 19, 2019, Plaintiff filed a document entitled "Notice of First Amended Complaint" (Doc. 37), which included, as an attachment, an 86-page redlined amended complaint. (Doc. 37-1.)

On May 20, 2019, the Court held the Rule 16 scheduling conference. (Doc. 38.) During this conference, the defendants voiced concerns that the redlined amended complaint (Doc. 37-1) was improper because it reflected new changes that weren't contained in the actual FAC (Doc. 21). Based on this and other concerns, the Court declined to issue a scheduling order. Instead, the Court ordered the parties to meet and confer. The Court clarified that (1) the redlined draft the Court had ordered on May 14, 2019 was intended to track the changes between the original complaint (Doc. 1) and the FAC (Doc. 21), and (2) any additional changes in the redlined draft (Doc. 37-1) that had not been made in the FAC (Doc. 21) "wouldn't be authorized."

On May 21, 2019, Plaintiff filed a pair of sanctions motions against IAEP (Doc. 39) and ICEP (Doc. 40), each of which was premised on the theory that the 2015 ICEP election results weren't properly certified.

On May 22, 2019, the Court issued an order denying Plaintiff's sanctions motions. (Doc. 41.) This order concluded that "several courts have already rejected Plaintiff's contention that the results of the 2015 ICEP election weren't properly certified" and that "the docket from the 2014 case before Judge Wake contains a document entitled 'Notice of Certification of Election,' which includes a signed document from a DOL official certifying the election results." (*Id.* at 4.)

On May 29, 2019, the DOL filed a motion to strike the redlined version of the amended complaint appearing at Doc. 37-1 because it was different from the FAC filed at Doc. 21 and because Plaintiff hadn't adequately met and conferred in an effort to cure the discrepancies. (Doc. 46 at 3.)

On June 10, 2019, Plaintiff filed a "motion for declaratory judgment." (Doc. 49.) In it, he asked for the Court to "declare the union officer election 14-01723-NVW invalid and void as it does not conform to written law or the procedures contained therein." (*Id.* at 9.) He further argued that the 2015 election was invalid because "[n]o order from that election certifies the Union Officer Election as mandated by the Labor Management Recording and Disclosure Act and the enforcement statute contained therein." (*Id.* at 5.)

On June 17, 2019, motions to dismiss were filed by the NLRB (Doc. 54), ICEP (Doc. 55), and IAEP (Doc. 56).

On June 19, 2019, the Court issued an order that, among other things, granted the DOL's request to strike the redlined version of Plaintiff's FAC and denied Plaintiff's motion for declaratory judgment. (Doc. 57.) This order clarified that "the FAC at Doc. 21 is the operative draft in this action, and it is the draft to which the parties must cite henceforth when challenging or defending or otherwise referring to the FAC" (*id.* at 6) and that Plaintiff's request for declaratory relief was improper because, *inter alia*, "the motion appears to be based on the premise that the 2015 election was invalid because the election results were never properly certified. Yet the Court already rejected this argument in its May 22, 2019 order denying Plaintiff's motion for sanctions." (*Id.* at 7-8.)

**LEGAL STANDARDS**

I. <u>Rule 12(b)(1)</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss an action for "lack of subject-matter jurisdiction." The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

To establish subject matter jurisdiction in an action against the United States, there must be (1) "statutory authority vesting a district court with subject matter jurisdiction" and (2) "a waiver of sovereign immunity." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).

…

II. Rule 12(b)(6)

"[T]o survive a motion to dismiss, a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation omitted). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679-80. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

III. Judicial Notice

Several defendants have asked the Court to take judicial notice of the prior lawsuits that are summarized above. (Doc. 33 at 1 n.2 [DOL]; Doc. 55 at 2 n.2 & 3 n.3 [ICEP].) This request will be granted. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citation omitted); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[Courts] may take judicial notice of court filings and other matters of public record.") (citation omitted). The Court may consider these judicially-noticeable lawsuits without converting the motions to dismiss into summary judgment motions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**DISCUSSION**

I. DOL

A. **The Parties' Arguments**

First, the DOL moves to dismiss the claims in the FAC premised on violations of Title 18 of the United States Code because (1) "[t]hese provisions do not provide a waiver

- 7 -

of the DOL's sovereign immunity" and (2) federal criminal statutes do not, in any event, "provide Plaintiff a private right of action." (Doc. 33 at 5-6.) Second, the DOL moves to dismiss the FAC's *Bivens*/constitutional claims because it is "well settled that [such] claims cannot be brought against either the United States, its agencies, or its officers or employees acting in their official capacities." (*Id.* at 6-7). Third, the DOL moves to dismiss the FAC's tortious interference claim because it is barred by sovereign immunity and "[s]ection 2680(h) of the FTCA expressly bars any claims arising out [of] interference with contract rights." (*Id.* at 7-8.) Fourth, the DOL moves to dismiss the FAC's claims for declaratory and injunctive relief under the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") because (1) "there is no waiver of sovereign immunity under the LMRDA provisions cited by Plaintiff," (2) the statute specifically precludes an individual union member from challenging the results of a completed election, (3) there is no private right of action under the provisions at issue, (4) the two-year statute of limitations has already expired, (5) the DOL had no responsibility to issue a decree following the election—any such responsibility fell onto the court that ordered the election—and (6) the absence of a post-election decree does not, in any event, undermine the integrity of the election. (*Id.* at 8-10.)

Plaintiff's 27-page opposition[1] to the DOL's motion (Doc. 42) is difficult to follow. Among other things, Plaintiff appears to argue that the DOL's sovereign immunity defense is misplaced because that "the Amended Complaint is rich with attachments proving Constitutional civil rights violations against Defendant, nullifying any claims of immunity" (*id.* at 2); that the DOL admitted in its motion that the 2015 election was "improper," because Judge Wake never issued a decree at the conclusion of the case, and that the DOL's purported admission "validates the Plaintiff's four-year complaint of racketeering against [ICEP and IAEP]" (*id.* at 2-5); that because the DOL invoked section 482 of the LMRDA when filing its 2014 lawsuit before Judge Wake, a private plaintiff must be able to sue the

---

[1] As noted in an earlier order, Plaintiff's opposition violated LRCiv 7.2(e)(1), which imposes a 17-page limit for responses to motions. (Doc. 57 at 6-7.)

DOL under section 482 (*id.* at 6-7); that the DOL's *Bivens*-related arguments are misplaced because "*Bivens* is not asserted in the Amended Complaint" (*id.* at 7, 18-19); that the LMRDA's bill of rights authorizes private parties to file lawsuits to protect the rights secured by the LMRDA (*id.* at 7-8); that the DOL's statute-of-limitations defense is unavailing because the alleged "civil rights violations and conspiracy are ongoing violations" (*id.* at 9); that the Department of Justice's handbook proves that the defendants in this case have engaged in obstruction of justice (*id.* at 13-14); that the election process Judge Wake ordered ICEP to follow (at the DOL's behest) was unconstitutional and contrary to "the statute" (*id.* at 14-18); that "[c]onstitutional violations remove sovereign immunity pursuant to the APA" (*id.* at 19-20); and that the Court has a mandatory duty to impose declaratory relief because the DOL has now admitted guilt (*id.* at 21).

In its reply (Doc. 50), the DOL begins by noting that Plaintiff "failed to address most, if not all, of the legal arguments raised" in the motion to dismiss. (*Id.* at 1-2.) As for the claims under Title 18, the DOL reiterates that Plaintiff hasn't demonstrated a waiver of sovereign immunity as to these claims and that no private right of action exists under the criminal statutes at issue. (*Id.* at 2.) The DOL next argues that, even if the FAC doesn't assert any claims against individual DOL employees, any constitutional claims against the agency itself are barred by sovereign immunity. (*Id.* at 2-3.) As for the FAC's tortious interference claim, the DOL notes that Plaintiff didn't address, must less rebut, its showing that the claim is expressly barred by 28 U.S.C. § 2680(h). (*Id.* at 3.) As for the FAC's claims for injunctive and declaratory relief under the LMRDA, the DOL argues that actions under section 482 may only be instituted by the Secretary of Labor (not private litigants), that the DOL hasn't waived sovereign immunity, and that Plaintiff failed to address the multiple reasons, identified in the motion to dismiss, why his LMRDA-based claims fail under Rule 12(b)(6). (*Id.* at 4-5.) Finally, as for the FAC's apparent claim under the Administrative Procedures Act ("APA"), the DOL argues any such claim is unavailing because (1) it "appears to be based upon the DOL's action in bringing the [*Perez v. ICEP* lawsuit]," yet the "institution of a lawsuit . . . is not a 'final agency action' for purposes of

the APA"; (2) the final judicial decision issued in that case is not subject to review under the APA because "the courts of the United States are not deemed an 'agency' for APA purposes"; (3) Plaintiff has not, in any event, shown the challenged agency action was arbitrary or capricious; and (4) Plaintiff cannot rely on the Declaratory Judgment Act to circumvent the requirements of the APA. (*Id.* at 5-7.)

B. **Analysis**

The DOL's motion to dismiss will be granted. Although the Court could grant the motion for many different reasons, the Court will limit its analysis to some of the more apparent flaws in the FAC.

First, the FAC asserts claims against the DOL under various provisions of Title 18 of the United States Code, including sections 241/242 (violation of rights under color of law), section 371 (criminal conspiracy), section 872 (extortion by officers of the United States), section 880 (receiving the proceeds of extortion), section 1018 (delivery of false writing), section 1512 (witness tampering), section 1951 (Hobbs Act extortion), and chapter 96 (RICO). (Doc. 21 at 1, 30-32, 34-36, 37-42, 44-46.) Those claims fail because Plaintiff has not attempted to show how or why the DOL waived its sovereign immunity as to such claims and because the criminal statutes on which Plaintiff seeks to rely (with the potential exception of the RICO statute) do not give rise to a private right of action. *Cf. Chabrowski on behalf of ARTBE Enterprises, LLC v. Litwin*, 2017 WL 2841212, *2 (D. Ariz. 2017) ("Title 18 governs federal crimes and, with limited exceptions not implicated by the pleadings, does not provide a private right of action for civil litigants.").

Second, to the extent the FAC purports to assert constitutional claims against the DOL, those claims are foreclosed by *Daly-Murphy v. Winston*, 837 F.2d 348 (9th Cir. 1987), which recognizes that, "absent a waiver of sovereign immunity, an individual may not maintain a *Bivens* action for monetary damages against the United States" or its agencies. *Id.* at 356.

Third, the tortious interference and fraud claims against the DOL (Doc. 21 at 1) fail for lack of subject matter jurisdiction. Although 28 U.S.C. § 1346(b)(1) generally vests

district courts with jurisdiction over "claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 2680(h) carves out an exception for "[a]ny claim arising out of . . . misrepresentation, deceit, or interference with contract rights." Thus, "the Government is immune from suit for [a] claim based on tortious interference with contract rights." *Goodman Grp., Inc. v. Dishroom*, 679 F.2d 182, 187 (9th Cir. 1982). Similarly, "claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h)." *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981).

Fourth, to the extent Plaintiff seeks to assert claims under 29 U.S.C. § 482, those claims fail because "[o]nly the Secretary may bring suit" under that provision. *McGuire v. Grand Int'l Div. of Bhd. of Locomotive Eng'rs*, 426 F.2d 504, 508 (6th Cir. 1970). As the Supreme Court has explained, "Congress clearly intended to lodge exclusive responsibility for post-election suits challenging the validity of a union election with the Secretary of Labor." *Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v. Crowley*, 467 U.S. 526, 544 (1984). Thus, "suit by the Secretary" is "the exclusive postelection remedy for challenges to [a union] election." *Id.* at 549. *See generally Balanoff v. Donovan*, 549 F. Supp. 102, 103 (N.D. Ill. 1982) ("The LMRDA does not permit a defeated candidate . . . to sue directly to overturn the results of the election he lost. Only the Secretary of Labor is empowered to bring such an action.").

Fifth, to the extent the FAC can be construed as asserting a claim against the DOL under the APA, that claim fails because Plaintiff has not identified any authority suggesting that an agency's institution of a lawsuit may be deemed a "final agency action" for purposes of APA review.

Sixth, and in general, the FAC is inscrutable, filled with jargon and impenetrable

legalese, and fails to state a claim under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

II. NLRB

A. **Background**

It appears the NLRB had no involvement in the disputed ICEP election. (Doc. 54 at 3-8.) After the election, Plaintiff filed two unfair labor practices ("ULP") complaints with the NLRB—one on March 31, 2015 (Doc. 54-1) and the other on August 7, 2015 (Doc. 54-2). Each ULP complaint was premised on the theory that the election was invalid. (Doc. 54 at 3-8.) The NLRB investigated both complaints and then dismissed them, and Plaintiff declined to appeal either dismissal to the NLRB's general counsel. (*Id.*) Separately, the NLRB is currently considering a request for review in a pair of related "representation proceedings" concerning whether certain collective bargaining units should be consolidated. (*Id.*)

B. **The Parties' Arguments**

The NLRB construes the FAC as seeking (1) a declaration that, by dismissing Plaintiff's ULP complaints, the NLRB conspired with the DOL to violate Plaintiff's rights and the LMRDA, and (2) an injunction to prevent the NLRB from, *inter alia*, recognizing the affiliation of ICEP with IAEP and/or investigating future ICEP-related petitions. (Doc. 54 at 9, citing Doc. 21.) With this backdrop in mind, the NLRB first argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because its decision to dismiss Plaintiff's ULP complaints was an unreviewable act of prosecutorial discretion. (Doc. 54 at 10-15.)[2] Next, the NLRB argues that the Court lacks subject matter jurisdiction to review or enjoin pending representation proceedings. (*Id.* at 15-16.) The NLRB's third argument is that the Court lacks subject matter jurisdiction over any claim for money damages against it. (*Id.* at 16-17.) The NLRB's fourth argument is that the FAC fails to state a claim because it merely offers "unsupported allegations that [it] failed to investigate his claims,

---

[2] The NLRB acknowledges that review may be available under "extreme" circumstances but contends that no such circumstances are present here. (Doc. 54 at 13-15, citing *Baker v. I.A.S.T.E.*, 691 F.2d 1291 (9th Cir. 1982)).

interfered with a private contract, and unlawfully conspired to take control of a labor union." (*Id.* at 17.) Finally, the NLRB also incorporates, by reference, some of the dismissal arguments contained in the DOL's motion (*id.* at 3 n.2) and the res judicata arguments made by ICEP (*id.* at 2-3.)

Plaintiff's opposition to the NLRB's motion to dismiss (Doc. 60) is difficult to follow. In response to the NLRB's argument that the Court lacks subject matter jurisdiction to issue declaratory or injunctive relief related to ULP complaints or representation proceedings, Plaintiff appears to contend these arguments are a red herring because "[t]here is no count to appeal an ULP" (*id.* at 3), "[a]s to the Courts [sic] authority to review an Unfair labor practice, [the NLRB's argument] is irrelevant and misleading [because] [t]here are no counts in the complaint asking the court to review an ULP" (*id.* at 6), the NLRB's arguments concerning "Pending Representation Proceedings" are both "[i]rrelevant to the complaint" and "[r]elevant as categorically untrue" (*id.* at 7); and "No one asked [the court] to enjoin any [representation] proceedings and the representation here is not in the FAC." (*Id.* at 10-11.)[3] Plaintiff goes on to argue that the FAC's references to ULP complaints and representation proceedings were merely intended to support his claims under 18 U.S.C. §§ 241/242 (criminal conspiracy to violate civil rights) and 18 U.S.C. § 1018 (delivery of false writing). (*Id.* at 3-4, 7-8.) As for the availability of money damages, Plaintiff argues in conclusory fashion that "[t]he Subject matter has been well plead in all oppositions to Motions to Dismiss and the FAC" and "[t]he District Courts have exclusive subject matter jurisdiction over the Bill of Rights of the LMRDA." (*Id.* at 12.) In response to the NLRB's argument that the FAC fails to state a plausible claim, Plaintiff cites pre-*Twombley/Iqbal* cases suggesting that 12(b)(6) motions are disfavored and rarely granted. (*Id.* at 12-14.) Finally, Plaintiff also advances various reasons why his previous lawsuits should not be construed as having a res judicata effect here. (*Id.* at 1-3, 5-6, 14.)

The NLRB did not file a reply.

---

[3] Plaintiff also contends his claim for a "permanent injunction [is] moot" because the Court previously denied his request for a declaratory judgment. (*Id.* at 9.)

- 13 -

C. **Analysis**

The NLRB's motion will be granted. As an initial matter, because Plaintiff clarified in his opposition that he isn't seeking declaratory or injunctive relief pertaining to the NLRB's handling of ULP complaints and representation proceedings, the Court will not dismiss the FAC based on a lack of subject matter jurisdiction to entertain those particular types of claims. Nevertheless, Plaintiff's clarification that his allegations on those topics were intended to support his claims under 18 U.S.C. §§ 241, 242, and 1018 underscores why dismissal is appropriate here. As noted in Part I.B above, Plaintiff hasn't demonstrated a waiver of sovereign immunity with respect to Title 18 claims and there isn't, in any event, a private right of action to pursue civil claims under those criminal statutes.

The NLRB has also incorporated, by reference, most of the dismissal arguments contained in the DOL's motion to dismiss. These arguments provide additional reasons for dismissing Plaintiff's claims against the NLRB. Among other things, the NLRB can't be sued directly under a *Bivens*-type theory, the Court lacks subject matter jurisdiction under 28 U.S.C. § 2680(h) to hear any tort claim premised on a tortious interference or fraud theory, and Plaintiff cannot sue the NLRB under 29 U.S.C. § 482 because the Secretary of Labor has exclusive authority over post-election suits challenging the validity of union elections.

Finally, Plaintiff's claims against the NLRB generally fail to state a claim under Rule 12(b)(6). The FAC is difficult to parse, the NLRB wasn't even involved in the decision to hold the 2015 election, Plaintiff's allegation that the NLRB somehow entered into a post-election conspiracy to violate his rights is conclusory and implausible, and Plaintiff's reliance on pre-*Iqbal/Twombly* caselaw is misplaced.

III. ICEP

ICEP's motion to dismiss (Doc. 55) identifies a laundry list of reasons why the FAC should be dismissed. First, ICEP argues that this lawsuit constitutes an "improper" and "clearly untimely" appeal of the *Perez v. ICEP* case, which was terminated four years ago. (*Id.* at 6-7.) Second, ICEP argues that Plaintiff's claims under various provisions of Title

1  18 of the United States Code and Title 13 of the Arizona Revised Statutes should be
2  dismissed because there is no private right of action under those criminal statutes. (*Id.* at
3  7-8.)[4]  Third, ICEP argues that Plaintiff's claims are barred by the *Rooker-Feldman*
4  doctrine because, although "Plaintiff does not explicitly request that this Court overturn the
5  final judgment in the State Court matter," Plaintiff is seeking—as damages in this case—
6  the damages he was unable to obtain in that case, as well as reimbursement for the attorney-
7  fee award issued against him in that case. (*Id.* at 8-9.) Fourth, ICEP argues Plaintiff's
8  claims are barred by res judicata because the premise underlying this lawsuit (*i.e.,* the 2015
9  election was invalid because it was never properly certified) was also the premise
10 underlying his previous lawsuit in state court, which he ultimately lost on the merits. (*Id.*
11 at 9-10.) Fifth, ICEP argues that Plaintiff's claims under the LMRDA are subject to
12 dismissal because (1) they are untimely and (2) they are implausible, inasmuch as ICEP
13 had no control over whether the court in *Perez v. ICEP* would issue a decree, (3) several
14 courts have concluded the election results were properly certified, and (4) the election
15 results should be considered presumptively valid. (*Id.* at 10-13.)

16  Plaintiff's opposition to the motion to dismiss (Doc. 61) is, like his other opposition
17 briefs, rambling and difficult to follow. He appears to argue that (1) res judicata is
18 inapplicable because the state-court judgment was procured via fraud (*id.* at 1-2, 14-16)
19 and because the applicability of 29 U.S.C. § 482 wasn't litigated in that case (*id.* at 8); (2)
20 ICEP failed to meet and confer with him before filing the motion to dismiss (*id.* at 2); (3)
21 his claims in this lawsuit are authorized by 29 U.S.C. § 482 (*id.* at 2-5, 17); (4) the motion
22 to dismiss was untimely (*id.* at 5-6); (5) the 2015 election was invalid because Judge Wake
23 failed to issue the proper certification at the close of the case (*id.* at 6-8); (6) motions to
24 dismiss under Rule 12(b)(6) are "disfavored and rarely granted" (*id.* at 9-11); (7) this
25 lawsuit doesn't constitute an appeal of the *Perez v. ICEP* case and, alternatively, it doesn't
26 constitute an untimely appeal (*id.* at 11); (8) the various statutes identified in the FAC show

---

[4] ICEP further argues that, to the extent Plaintiff is asserting a claim under the Arizona racketeering statute, the claim fails because the FAC "fails to establish that ICEP has committed any illegal act, let alone an act 'that would be punishable by imprisonment for more than one year.'" (Doc. 55 at 13, citing A.R.S. § 13-2314.04.)

that subject matter jurisdiction exists here (*id.* at 11-12); (9) there is a private right of action under one of the federal criminal statutes cited in the FAC—the RICO statute (*id.* at 13); and (10) *Rooker-Feldman* is inapplicable because the earlier state-court case didn't involve federal claims under the LMRDA (*id.* at 13-14).

In its reply (Doc. 65), ICEP begins by arguing that its motion was timely filed, because it was filed before the court-ordered deadline of June 17, 2019, and that its counsel attempted to meet and confer with Plaintiff on May 22, 2019. (*Id.* at 2.) On the merits, ICEP argues that (1) Plaintiff only offered "circular and nonsensical" arguments in response to the argument that this lawsuit constitutes an improper appeal of *Perez v. ICEP* (*id.* at 2-3); (2) Plaintiff failed to address its argument concerning the lack of a private right of action under most Title 18 statutes, and his invocation of the federal and state racketeering statutes is flawed because he "fails to sufficiently plead this or any related claims" (*id.* at 3-4, 9-10); (3) Plaintiff failed to address the *Rooker-Feldman* doctrine and instead "trie[d] to confuse the issue with unrelated diatribes regarding federal question and res judicata" (*id.* at 4-5); (4) res judicata is applicable here because "Plaintiff is doing nothing but wasting judicial resources and presenting vexatious litigation" (*id.* at 5-7); and (5) the LMRDA claims fail because (a) Plaintiff didn't respond to the statute-of-limitations argument contained in the motion to dismiss, (b) Plaintiff's theory remains implausible, and (c) Plaintiff can't bring an affirmative claim for relief under 29 U.S.C. § 482—his sole recourse is to file a complaint with the Secretary of Labor and, if he is dissatisfied with the Secretary's response, to bring an APA action. (*Id.* at 7-9).

B. **Analysis**

ICEP's motion will be granted. As an initial matter, Plaintiff is incorrect that the motion was untimely. During the scheduling conference, the Court acknowledged that the DOL had already filed a motion to dismiss and ordered that "any additional motions to dismiss are to be filed by June 17, 2019." (Doc. 38.) ICEP's motion was filed on June 17, 2019. (Doc. 55.) It was therefore timely. The Court also rejects Plaintiff's argument that the motion should be denied due to a lack of meet-and-confer efforts. The docket contains

evidence that ICEP (in conjunction with the other defendants) attempted to meet and confer with Plaintiff, following the scheduling conference, in an unsuccessful attempt to address deficiencies in the FAC. (Doc. 46.)

On the merits, although ICEP presents a strong argument that Plaintiff's claims in this case may be barred by the *Rooker-Feldman* doctrine and/or res judicata, it is not necessary to reach the applicability of those doctrines to conclude that dismissal is warranted here. To the extent Plaintiff seeks to sue ICEP under federal and state criminal statutes, those claims fail because there is no private right of action available under the statutes he seeks to invoke.[5] To the extent Plaintiff seeks to rely on 29 U.S.C. § 482 as the basis for his lawsuit, that reliance is misplaced because, as discussed in Parts I.B and II.C above, only the Secretary of Labor may bring a post-election lawsuit under that provision to challenge union election results. Finally, and in general, Plaintiff's claims and theories against ICEP lack plausibility and fail under the *Ibqal/Twombly* line of cases.

IV. IAEP

IAEP's motion to dismiss is essentially the same as ICEP's motion, except it omits any request for dismissal under *Rooker-Feldman* or based on res judicata. (Doc. 56.)

Accordingly, the Court will granted IAEP's motion for the same reasons it is granting ICEP's motion.

V. Leave To Amend

Plaintiff appears to request leave to amend in the event the Court grants any of the motions.

"Rule 15 advises the court that leave [to amend] shall be freely given when justice so requires. This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations and internal quotation marks omitted). Thus, "[n]ormally, when a viable case may be pled, a district court should freely grant leave to amend." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d

---
[5] The one potential exception is the federal RICO statute and its statute analogue, but the FAC does not plausibly allege the sort of racketeering activity that might give rise to a civil RICO claim.

- 17 -

1047, 1058 (9th Cir. 2011).

"However, liberality in granting leave to amend is subject to several limitations." *Cafasso*, 637 F.3d at 1058 (citation and internal quotation marks omitted). "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Id.* A district court also enjoys "particularly broad" discretion to deny leave to amend "where plaintiff has previously amended the complaint." *Id.* (citation and internal quotation marks omitted)

Here, the complaint being dismissed isn't Plaintiff's first attempt to craft a viable complaint. Additionally, after filing his amended complaint, Plaintiff then filed a purportedly redlined version of it (Doc. 37-1), but the redlined version actually contained an array of additional changes. This caused considerable confusion and unfairly prejudiced the defendants. Finally, it is apparent to the Court that it would be futile to give Plaintiff yet another opportunity to plead his claims. His responses to the motions to dismiss were difficult to parse and often unresponsive and this is the fourth in a series of related lawsuits in which courts have struck or dismissed Plaintiff's claims and pleadings due to irregularities and the failure to follow court rules. Thus, leave to amend is not appropriate here.

Accordingly, **IT IS ORDERED** that:

(1) The DOL's motion to dismiss (Doc. 33) is **granted**;

(2) The NLRB's motion to dismiss (Doc. 54) is **granted**;

(3) ICEP's motion to dismiss (Doc. 55) is **granted**;

(4) IAEP's motion to dismiss (Doc. 56) is **granted**; and

(5) The Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 4th day of October, 2019.

Dominic W. Lanza
United States District Judge